Dear Dr. Wilson:
This official opinion is issued in response to your request for rulings on the following questions:
 "1. Does the Department of Mental Health have the authority to place patients out of the state?
 "2. Is the Department of Mental Health responsible for the costs of placing and maintaining a handicapped or severely handicapped child in another state if the placement is necessary for the child to receive an appropriate education?
 "3. May a school district, special school district, or the department of elementary and secondary education be required to pay towards the cost of the maintenance and placement where necessary and appropriate out of the state?"
As to your first question, we find that heads of state mental health and mental retardation facilities may place patients in family homes or licensed facilities if they believe the placements to be appropriate and in the best interest of the patients. Section 202.185 provides as follows in pertinent part:
 "1. The head of a mental health facility operated by the department of mental health may place any patient, whether voluntary or involuntary, in a licensed boardinghouse, licensed nursing home or family home, upon such terms and conditions as he deems appropriate when he believes that such placement would be appropriate and in the best interest of the patient. . . ."
Likewise, under § 202.193, RSMo, 1978, the heads of mental retardation facilities may place mentally retarded patients in licensed nursing homes, licensed or certified mental retardation facilities, or family homes if they consider the placements to be in the best interest of the patients and meet certain other statutory requisites.
Neither sections 202.185 nor 202.195, give the heads of state mental health and retardation facilities specific authority to place patients out of the state. The only provisions in Chapter 202 which pertain to services being offered in other states is the interstate compact on mental health.
Under the interstate compact on mental health, § 202.880, Art. III(b), RSMo 1978, patients in Missouri may be transferred to institutions in other party states based upon clinical determinations that the care and treatment of the patients would be improved by the transfers because of such factors as the location of the patients' families and the character of the patients' illnesses. Before such transfers can be made, the receiving states have to agree to accept the patient under Art. III(c). Furthermore, a person may be a patient of only one institution at a time under the compact; therefore, the patient becomes a patient of the institution in the receiving state. Section 202.880 Art. VII(a). Thus, the Department of Mental Health would not continue to have an obligation to provide care and treatment after the patient is transferred under the compact.
Other than the transfer of a patient under the interstate compact, we do not find any authority for a placement or a transfer of a Department of Mental Health patient to or in another state.
As to your second question, it follows that if the Department does not have the authority to place patients out of the State, that the Department is not responsible for the costs of placing and maintaining a handicapped or severely handicapped child in another state if the placement is necessary for the child to receive an appropriate education.
Because the third question assumes that the Department has the authority or the responsibility to place a handicapped or severely handicapped child in another state if necessary for the child to receive an appropriate education, we are not responding to it because the Department does not have the legal authority or responsibility to make such placements.
CONCLUSION
It is the opinion of this office that the Department of Mental Health does not have the authority to place patients out of the State.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Reginald H. Turnbull.
Very truly yours,
 JOHN ASHCROFT Attorney General